ANDREWS, Judge.
County National Bank of North Miami Beach, Intervenor, appeals an order and judgment determining that an assignment to the bank of the amounts to be received by a subcontractor from the prime contractor for work performed under a construction contract is inferior to the claim of Annette Fierman, a subsequent judgment creditor, *385 in garnishment proceedings against the prime contractor, Robert R. Turchin, Inc.
Diplomat Towers Apartments contracted with Robert R. Turchin, Inc., as general contractor. Turchin subcontracted the painting contract to Kamm Painting Company. Kamm assigned and recorded on May 25, 1964, its right to receive funds due under the contract from Turchin to County National Bank as security for indebtedness to the bank. Annette Fierman obtained on December 2, 1964, a judgment against Kamm and garnisheed Turchin. Turchin set up the defense that it had previously acknowledged an assignment of the amount it owed Kamm to the County National Bank.
The trial court held that the assignment by Kamm constituted an assignment of an account receivable and that the bank, not having complied with the provisions of F.S.A. Chapter 524 by executing and filing with the Secretary of State a notice of assignment of accounts receivable, could not claim priority over the subsequent judgment creditor.
The pertinent provisions of F.S.A. Chapter 524, the Accounts Receivable Act, provide that an account receivable means an existing or a future right to the payment of money the assignment of which is not subject to special statutory provisions of the state or the federal government relative to the rights of creditors of the assignor or of successive assignees from the assignor. F.S.A. § 524.01. In addition to the provision for assignment of a lien or prospective lien, F.S.A. § 84.191, the Mechanics Lien Law, F.S.A. § 84.171, prohibits the subjecting of any materials furnished to improve real property to the enforcement of any debt due by the purchaser of the materials, except a debt due for the purchase price, and the exception is not applicable if the owner has made payment for the materials furnished and the materialman has not received payment.
Section 84.071, Florida Statutes, F.S.A., establishes the priorities of liens both between lien claimants and any conveyance, encumbrance or demand not recorded against the real property and fixes the time of attachment of liens. Other provisions of the Mechanics Lien Law make provisions for liens of persons in privity, F.S.A. § 84.051, and persons not in privity, F.S.A. § 84.061, and otherwise generally make special statutory provisions relative to the rights of creditors where the debt arose in the course of improving real property.
Fierman is a judgment creditor of Kamm, the assignor of the account receivable. The judgment creditor, Fierman, is prohibited by the Mechanics Lien Law, F.S.A. § 84.171, from making any attachment, execution or other legal process upon any materials furnished by Kamm which are about to be applied to improve the real property. Thus, to that extent the Mechanics Lien Law makes special statutory provisions relative to the rights of creditors of Kamm, the assignor.
 In addition to the specific example stated the entire effect of the Mechanics Lien Law is to make special statutory provisions relative to the rights of creditors of those engaged in the performance of a contract for the improvement of real property, and, therefore, the provisions of the accounts receivable law, F.S.A. Chapter 524, are by expressed terms not applicable to the assignment of an account or account receivable existing by virtue of a contract for the improvement of real property.
The assignment to the bank by Kamm of the monies due from Turchin was valid. The recording of the assignment constituted constructive notice to Fierman which was prior to her judgment. The bank has a prior claim which is superior to the claim of Fierman.
The order and judgment are reversed with directions that a judgment be entered consistent with this opinion.
SMITH, C. J., and WADDELL, THOMAS R., Jr., Associate Judge, concur.